IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

JUANITA PHILLIPS

        Plaintiff,

v.                                    No.

DREXEL UNIVERSITY                      JURY TRIAL DEMANDED

        Defendant.

---

## COMPLAINT

Plaintiff Juanita Phillips files this Complaint against Defendant Drexel University, and in support thereof avers as follows:

### Jurisdiction and Venue

1.     The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Count I which is based upon a law of the United States of America, the Americans with Disabilities Act, 42 U.S.C. §12101, ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"). This Court has supplemental jurisdiction over Count II which arises under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq. ("PHRA") pursuant to 28 U.S.C. §1367.

2.     Plaintiff requests a trial by jury of the claims raised herein.

3.     Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

4.     The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

5.     Plaintiff has complied with the applicable administrative remedies by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2015-00460, on September 3, 2014, and simultaneously dual filing a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), Case number no. 201501084.

6.     The EEOC found reasonable cause to believe that a violation of federal statutes occurred with respect to some or all of the matters alleged in the EEOC Charge; after conciliation efforts failed, on October 2, 2017, the EEOC issued a Notice of Right to Sue permitting Plaintiff to file her cause of action under the ADA.

7.     More than one year has passed since Plaintiff filed her Complaint with the PHRC, therefore, Plaintiff is also pursuing her PHRA claim in this litigation.

## PARTIES

8.     Plaintiff Juanita Phillips ("Phillips") is an adult female who resides at 1625 West End Drive, Philadelphia, PA 19151.

9.     Defendant Drexel University ("Drexel") is a private research university with its main campus located in the University City neighborhood of Philadelphia, PA. Drexel's principle place of business is located at 3141 Chestnut Street, Philadelphia, PA 19104.

10.    At all times relevant hereto, Defendant Drexel was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of Drexel.

## FACTUAL BACKGROUND

11.    Plaintiff Phillips is 57 years of age.

12.    Plaintiff Phillips has a bachelor of arts degree in fashion design and ten years of professional experience in the fashion industry.

13.     In on or about 1992, Plaintiff Phillips was first employed by Defendant Drexel as an Adjunct Professor.

14.     Plaintiff Phillips subsequently began part-time teaching positions at Drexel University and at the Art Institute of Philadelphia.

15.     In approximately 2002, Plaintiff Phillips assumed a full-time position at Drexel University, where she served as an Assistant Teaching Professor in the Department of Fashion, Product and Design & Merchandising of the Antoinette Westphal College of Media Arts & Design at Drexel.

16.     As of her last appointment as a teaching professor, Plaintiff Phillips earned an annualized salary of $49,145.46 plus employment benefits.

17.     Throughout the course of her employment Plaintiff Phillips received satisfactory performance evaluation ratings on faculty evaluation forms.

18.     In the spring of 2013, Plaintiff Phillips began to develop headaches, fatigue and mood swings, and she was eventually diagnosed as having neurosarcoidosis.

19.     Neurosarcoidosis is an autoimmune disease that attacks major organs, causes dizziness and long-lasting headaches.

20.     As a consequence of her medical condition, Plaintiff Phillips can become fatigued and when the symptoms caused by her condition flare up, she experiences serious physical impairment to bodily functions and organs, including her legs, back, neck, and sinuses which can impact walking, standing, and working.

21.     Plaintiff Phillips was admitted to the hospital during the period May 28-30, 2013, and was in a rehabilitation facility for a one-week period thereafter.  As a consequence of the illness, during the period September 23, 2013 to January 6, 2014, Phillips took a medical leave under the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601.

22.     When Plaintiff Phillips returned to work, upon her doctor's advice, Phillips advised Defendant Drexel that she would need to continue to work on a part-time basis, teaching one of two classes moving forward for the foreseeable future.

23.     As of approximately January 7, 2014, Plaintiff Phillips returned on a part-time basis, teaching one of her two regularly scheduled classes, and also continuing in the spring 2014 with her work with students on the Spring Fashion Show, which necessitated many additional hours of work.

24.     Each year, faculty members such as Plaintiff Phillips received annual appointment letters detailing their retention for the following academic year as well as their salary.

25.     On April 16, 2014, Plaintiff Phillips was presented with her performance evaluation and advised by Department Head Roberta H. Gruber that Drexel was not going to renew her contract and she would not teach in the upcoming school term. At that time, Gruber said, "You should have expected this."

26.     Plaintiff Phillips was in complete shock when she found out her contract was not going to be renewed and she would not be permitted to teach after twenty years of service.

27.     One of the two courses that Plaintiff Phillips was always scheduled to teach in past years was instead assigned to Sally Seligman, an Adjunct Professor, who had previously taught one course and was instead designated to teach two courses.

28. Sally Seligman does not suffer from any disability.

29. Defendant Drexel also advertised Plaintiff Phillips' position to outside candidates purportedly seeking to hire a full-time Assistant Teaching Professor in Fashion Design with the job description listing the start date as September 2014.

30. Plaintiff Phillips contacted Department Head Gruber about the advertisement and Gruber responded, "Any new position will not begin before the fall term. Please know that you will always be under consideration for any Adjunct position."

31. Following the termination of Plaintiff Phillips's employment, at least some of the classes that were previously taught by Plaintiff Phillips were assigned to individuals that were not full-time faculty members.

32. The individuals who have taught classes previously taught by Plaintiff Phillips do not suffer from any disability.

33. Defendant Drexel refused to accommodate Plaintiff Phillips by not permitting her to teach less than a full-time schedule and/or not granting her adjunct status so that she could teach less than a full course load beginning with the fall semester of 2014.

34. By failing to accommodate Plaintiff Phillips and not permitting her to teach a less than full-time schedule, Defendant has discriminated against Phillips, a disabled individual, regarded Phillips as disabled, and failed to provide a reasonable accommodation in the form of permitting her to teach less than a full-time schedule and/or grant her adjunct status so that she could teach less than a full course load beginning with the fall semester of 2014.

35. As a consequence of Defendant Drexel's actions Plaintiff Phillips has sustained lost wages and employment benefits.

36. Defendant Drexel has not proffered any legitimate reason its actions towards Plaintiff Phillips. Even if a reason is provided, said reason would be pretextual in that Defendant had discriminatory motives based upon Phillips's health, a perception that Phillips is permanently disabled, Phillips's prior need for leave from work, and in retaliation for Phillips taking a medical leave protected by the ADA.

37. Plaintiff Phillips has incurred substantial damages as a consequence of Defendant Drexel's conduct including lost wages and benefits and emotional distress.

38. Defendant Drexel's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF AMERICANS WITH DISABILITIES ACT, AS AMENDED BY THE ADA AMENDMENTS ACT OF 2008

### 42 U. S. C. §12101, et. seq.

39. Paragraphs 1 to 38 are incorporated herein as if set forth in full.

40. Plaintiff Phillips has a disability under the ADA in the form of a physical impairment that substantially limits one or more major life activities as compared to the average person or most people in the general population.

41. Plaintiff Phillips is/was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer.

42. Defendant Drexel was aware of Plaintiff Phillip's disability.

43. Plaintiff Phillips had a record of impairment.

44. Plaintiff was regarded as having such impairment

45.     Defendant Drexel refused to provide Plaintiff Phillips proposed reasonable accommodations to the known physical limitations of Phillips, an otherwise qualified individual with a disability.

46.     Defendant Drexel did not make a good faith effort to engage in the interactive process with Plaintiff Phillips during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them.

47.     Defendant Drexel could have reasonably accommodated Plaintiff Phillips.

48.     Plaintiff Phillips suffered an adverse employment as a result of Defendant Drexel's discrimination based upon a known disability.

49.     Defendant Drexel treated Phillips differently than other similarly situated individuals who are, or were not disabled, or whom Defendant did not regard as disabled.

WHEREFORE, Plaintiff Juanita Phillips requests that this Court enter judgment in her favor and against Defendant Drexel University, and that this Court award Plaintiff all damages available under the Americans with Disabilities Act, as amended, including monetary damages exceeding $150,000.00, compensatory damages, punitive damages, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

## COUNT II

### VIOLATION OF PENNSYLVANIA HUMAN RELATIONS ACT –
### 43 P. S. §955(a), et. seq.

50.     Paragraphs 1 to 49 are incorporated herein as if set forth in full.

51.     Plaintiff Phillips has a "disability" within the meaning of the PHRA in that he has a permanent, long-term physical impairment as defined by the PHRA.

52.     Plaintiff Phillips was a qualified individual under the PHRA.

53.     Plaintiff Phillips is/was otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer.

54.     Defendant Drexel was aware of Plaintiff Phillips's disability.

55.     Plaintiff Phillips had a record of impairment.

56.     Plaintiff was regarded as having such impairment

57.     Defendant Drexel refused to provide Plaintiff Phillips proposed reasonable accommodations to the known physical limitations of Phillips, an otherwise qualified individual with a disability.

58.     Defendant Drexel did not make a good faith effort to engage in the interactive process with Plaintiff Phillips during which the employer and employee identify the precise limitations resulting from the disability and the potential reasonable accommodations that could overcome them.

59.     Defendant Drexel could have reasonably accommodated Plaintiff Phillips.

60.     Plaintiff Phillips suffered an adverse employment as a result of Defendant Drexel's discrimination based upon a known disability.

61.     Defendant Drexel treated Phillips differently than other similarly situated individuals who are, or were not disabled, or whom Defendant did not regard as disabled.

WHEREFORE, Plaintiff Juanita Phillips requests that this Court enter judgment in her favor and against Defendant Drexel University, and that this Court award Plaintiff all damages available under the Pennsylvania Human Relations Act, including monetary damages exceeding $150,000.00, in the form of all compensation and monetary losses, which Plaintiff has been

denied, including back pay, front pay compensatory damages; reasonable attorneys' fees; expert witness fees; costs; pre-judgment interest; and any other relief which the court deems appropriate.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email: asa@aemploylaw.com

Attorney for Plaintiff Juanita Phillips

Dated: December 7, 2017